1  **FERGUSON, PRAET & SHERMAN, APC**
   PETER J. FERGUSON State Bar No. 108297
2  ALLEN CHRISTIANSEN State Bar No. 263651
   1631 E. 18th Street
3  Santa Ana, CA 92705
   (714) 953-5300    •        Fax (714) 953-1143
4
   Attorneys for Defendants
5  CITY OF EL MONTE, JARED ATKINSON, ALDAIR FIGUEROA AND
   NICHOLAS KEARNEY
6
7              UNITED STATES DISTRICT COURT
8            CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| AMELIA SANCHEZ; and SANTOS SANCHEZ, | No.  2:17-cv-03235 GW (AJWx); Consolidated Wtih Case No. 17-CV-0971 GW (AJWx) |
| Plaintiffs, | Hon. George H. Wu |
| vs. | **DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| CITY OF EL MONTE; and DOES 1-10, inclusive, | |
| Defendants. | |

17        COMES NOW Defendants JARED ATKINSON, ALDAIR FIGUEROA

18  AND NICHOLAS KEARNEY, answering the Second Amended Complaint

19  ("SAC") of Plaintiffs.  Pursuant to *F.R.Civ.P.,* Rule 8 this answering defendant

20  admits, denies and alleges as follows:

21        1.  Deny the allegations contained in paragraph "1" of the SAC.

22        2.  Deny having knowledge or information sufficient to form a belief

23  regarding the allegations contained in paragraph "2" of the SAC and, on that basis,

24  deny.

25        3.  Deny having knowledge or information sufficient to form a belief

26  regarding the allegations contained in paragraph "3" of the SAC and, on that basis,

27  deny.

28

                              1

4.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "4" of the SAC and, on that basis, deny.

5. Admit that Defendant City of El Monte is a public entity but denies the remaining allegations contained in paragraph "5" of the SAC.

6. Admit that Defendants Jared Atkinson, Aldair Figueroa and Nicholas Kearney were employees of the City of El Monte, and were acting under the color of law within the course and scope of their respective duties as police officers, but deny remainder of allegations.

7. Admit that Defendants Jared Atkinson, Aldair Figueroa and Nicholas Kearney were employees of the City of El Monte, and were acting under the color of law within the course and scope of their respective duties as police officers, but deny remainder of allegations.

8. Deny the allegations contained in paragraph "8" of the SAC.

9.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "9" of the SAC and, on that basis, deny.

10.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "10" of the SAC and, on that basis, deny.

11.    Admit that a claim signed and dated as December 28, 2016 was filed, but deny the remaining allegations contained in paragraph "11" of the SAC.

12.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "12" of the SAC and, on that basis, deny.

13.  Admit that jurisdiction is proper but deny the remaining allegations contained in paragraph "13" of the SAC.

DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

14.  Admit that venue is proper but deny the remaining allegations contained in paragraph "14" of the SAC.

15.  Defendant repeats and realleges each and every answer stated in response to all prior paragraphs of the SAC as if fully restated here.

16.  Admit that Plaintiff was driving his car and attempting to evade police officers in the City of El Monte, California on December 23, 2016.

17.  Deny the allegations contained in paragraph "17" of the SAC.

18.  Deny the allegations contained in paragraph "18" of the SAC.

19.  Deny the allegations contained in paragraph "19" of the SAC.

20.  Deny the allegations contained in paragraph "20" of the SAC.

21.  Deny the allegations contained in paragraph "21" of the SAC.

22.  Admit that DECEDENT was inside his vehicle, but deny having knowledge or information sufficient to form a belief regarding the remaining allegations contained in paragraph "22" of the SAC and, on that basis, deny those remaining allegations.

23.  Deny that DECEDENT did not cause bodily injury to the involved police officers or anyone else.

24.  Deny the allegations contained in paragraph "24" of the SAC.

25.  Deny the allegations contained in paragraph "25" of the SAC.

26.  Deny the allegations contained in paragraph "26" of the SAC.

27.  Deny the allegations contained in paragraph "27" of the SAC.

28.  Deny the allegations contained in paragraph "28" of the SAC.

29.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "29" of the SAC and, on that basis, deny.

30.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "30" of the SAC and, on that basis, deny.

31.  Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "31" of the SAC and, on that basis, deny.

### AS TO THE FIRST CLAIM FOR RELIEF

32.  Defendant repeats and realleges each and every answer stated in response to all prior paragraphs of the SAC as if fully restated here.

33.  Admit that Plaintiffs set forth certain allegations in paragraph "33" of the SAC but deny any wrongdoing.

34.  Admit that Plaintiffs set forth certain allegations in paragraph "34" of the SAC but deny any wrongdoing.

35.  Deny the allegations contained in paragraph "35" of the SAC.

36.  Deny the allegations contained in paragraph "36" of the SAC.

37.  Deny the allegations contained in paragraph "37" of the SAC.

38.  Deny the allegations contained in paragraph "38" of the SAC.

39.  Deny the allegations contained in paragraph "39" of the SAC.

40.  Admit that Plaintiffs set forth certain allegations in paragraph "40" of the SAC but deny any wrongdoing.

41.  Admit that Plaintiffs set forth certain allegations in paragraph "41" of the SAC but deny any wrongdoing.

42.  Admit that Plaintiffs set forth certain allegations in paragraph "42" of the SAC but deny any wrongdoing.

### AS TO THE SECOND CLAIM FOR RELIEF

43.  Defendant repeats and realleges each and every answer stated in response to all prior paragraphs of the SAC as if fully restated here.

44.  Deny the allegations contained in paragraph "44" of the SAC.

45.  Deny the allegations contained in paragraph "45" of the SAC.

46.  Deny the allegations contained in paragraph "46" of the SAC.

47.  Deny the allegations contained in paragraph "47" of the SAC.

4

48. Deny the allegations contained in paragraph "48" of the SAC.

49. Deny the allegations contained in paragraph "49" of the SAC.

## AS TO THE THIRD CLAIM FOR RELIEF

50. Defendant repeats and realleges each and every answer stated in response to all prior paragraphs of the SAC as if fully restated here.

51. Deny the allegations contained in paragraph "51" of the SAC and all of its sub-paragraphs.

52. Deny the allegations contained in paragraph "52" of the SAC.

53. Deny the allegations contained in paragraph "53" of the SAC.

54. Deny the allegations contained in paragraph "54" of the SAC.

55. Deny the allegations contained in paragraph "5" of the SAC..

## AS TO THE FOURTH CLAIM FOR RELIEF

56. Defendant repeats and realleges each and every answer stated in response to all prior paragraphs of the SAC as if fully restated here.

57. Deny the allegations contained in paragraph "80" of the SAC.

58. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "81" of the SAC and, on that basis, deny.

59. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "82" of the SAC and, on that basis, deny.

60. Deny having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "83" of the SAC and, on that basis, deny.

61. Deny the allegations contained in paragraph "61" of the SAC.

62. Deny the allegations contained in paragraph "62" of the SAC.

//

//

DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

63.   As and for a first, separate and distinct affirmative defense, these answering Defendants allege that the SAC fails to state a cause of action against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

64.   As and for a second, separate and distinct affirmative defense, these answering Defendants allege that any City of El Monte employees referred to in the SAC as such were, and are now duly qualified, appointed and acting police officers of the City of El Monte and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

## THIRD AFFIRMATIVE DEFENSE

65.   As and for a third, separate and distinct affirmative defense, these answering Defendants allege that the City of El Monte and any City of El Monte employees referred to in the SAC, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of El Monte and as peace officers for California.

## FOURTH AFFIRMATIVE DEFENSE

66.   As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that the actions of its employees was reasonable, proper, and legal.

## FIFTH AFFIRMATIVE DEFENSE

67.   As and for a fifth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for his act or omission, exercising due care in the enforcement of any law.

//
//
//

6

## SIXTH AFFIRMATIVE DEFENSE

68.     As and for an sixth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for any injury caused by the act or omission of another person.

## SEVENTH AFFIRMATIVE DEFENSE

69.     As and for a seventh, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for an injury resulting from his act of omission where the act or omission was the result of the exercise of the discretion vested in him.

## EIGHTH AFFIRMATIVE DEFENSE

70.     As and for a eighth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that this answering Defendant is in any manner legally responsible for the damages, if any, sustained by Plaintiffs, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, co-defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against this answering Defendant be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

## NINTH AFFIRMATIVE DEFENSE

71.     As and for a ninth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs have failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES

## TENTH AFFIRMATIVE DEFENSE

72.    As and for a tenth, separate and distinct affirmative defense, these answering Defendants allege that punitive damages may not be asserted against a public entity.

## ELEVENTH AFFIRMATIVE DEFENSE

73.    As and for an eleventh, separate and distinct affirmative defense, these answering Defendants allege that any DOE OFFICERS are entitled to qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

74.    As and for a twelfth, separate and distinct affirmative defense, these answering Defendants allege that  neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest.

## THIRTEENTH AFFIRMATIVE DEFENSE

75.    As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that the force, if any, used upon Decedent was reasonable and necessary under the circumstances, and that the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Decedents unlawful acts and conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

76.    As and for a fourteenth, separate and distinct affirmative defense, these Defendant allege that if any force was used upon Decedent, said force was caused and necessitated by the unlawful acts of the Decedent was necessary and reasonable to protect the Defendants and others.

## FIFTEENTH AFFIRMATIVE DEFENSE

77.    As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that its employees had reasonable cause to believe that a public offense was being committed in their presence and that Decedent had committed that and other public offenses.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

78.     As and for a twenty-second, separate and distinct affirmative defense, this answering Defendant alleges that Defendants are not liable for a reasonable, but mistaken belief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

79.     As and for a seventeenth, separate and distinct affirmative defense, these answering Defendants allege that there was no statutory, constitutional or other duty owed to Plaintiffs and/or Decedent and that no special relationship existed with Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

80.     As and for an eighteenth, separate and distinct affirmative defense, these  answering Defendants allege that officers had probable cause to stop, detain and investigate the Decedent and to use such force as was necessary to accomplish their lawful purpose being in all respects, reasonable, proper, necessary and legal.

## NINETEENTH AFFIRMATIVE DEFENSE

81.     As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs have no standing to bring this action and that they have failed to comply with the provisions of *California Civil Code* § 377 et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

82.     As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that the City of El Monte has no, and had no, custom, policy or practice of violating the civil rights of any individual(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

83.     As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that medical care was promptly summoned and provided to Decedent.

//

9

<div align="center"><u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u></div>

84.    As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs' lawsuit is barred by California's "one action rule" as codified in *Cal. Code of Civ. Proc.* § 377.60.

<div align="center"><u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u></div>

85.    As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that it, and its employees, are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

**WHEREFORE**, the Defendants CITY OF EL MONTE, JARED ATKINSON, ALDAIR FIGUEROA AND NICHOLAS KEARNEY prays for judgment against the Plaintiffs herein as follows:

1.    That the Second Amended Complaint be dismissed with prejudice;

2.    That the Plaintiff take nothing by way of his Second Amended Complaint;

3.    For attorneys' fees pursuant to 42 U.S.C. § 1988 and *Code of Civil Procedure*, §§ 1021.7 and 1038;

4.    For costs of suit incurred herein; and

5.    For such other relief as this Court may deem just and proper.


DATED: January 29, 2018          FERGUSON, PRAET & SHERMAN, APC

                                 /s/Peter J. Ferguson
                                 Peter J. Ferguson
                                 Attorneys for Defendant City of El Monte, Jared
                                 Atkinson, Aldair Figueroa and Nicholas Kearney

<div align="center">10</div>

| | |
|---|---|
| 1 | <div align="center">PROOF OF SERVICE</div> |
| 2 | STATE OF CALIFORNIA, COUNTY OF ORANGE |
| 3 | I, Coleen Ludvigson, am employed in the aforesaid County, State of |
| 4 | California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101. |
| 5 | On January 29, 2018, I served the foregoing **DEFENDANT CITY OF EL** |
| 6 | **MONTE'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES;** on the interested parties in this action: |
| 7 | |
| 8 | Dale K. Galipo, Esq.<br>Law Offices of Dale K. Galipo<br>21800 Burbank Blvd., Suite 310 |
| 9 | Woodland Hills, CA 91367<br>Attorney for Plaintiffs |
| 10 | |
| 11 | Brian T. Dunn, Esq.<br>Megan R. Gyongyos, Esq.<br>The Cochran Firm California |
| 12 | 4929 Wilshire Blvd., Suite 1010<br>Los Angeles, CA 90010 |
| 13 | |
| 14 | _____ (By Mail)  I placed such envelope for deposit in accordance with office |
| 15 | practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day. |
| 16 | |
| 17 | _____ (By facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee. |
| 18 | XXX (By e-filing) The above noted individuals are registered with the Court to |
| 19 | receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification. |
| 20 | |
| 21 | XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this |
| 22 | Court at whose direction the service was made. |
| 23 | Executed on January 29, 2018, at Santa Ana, California. |
| 24 | /s/ Coleen Ludvigson |
| 25 | Coleen Ludvigson |
| 26 | |
| 27 | |
| 28 | |

<div align="center">11</div>

DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES